UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



2010 APR 29 P 4: 34

DISTRICT COURT
HARTFORD CT

PETTIBONE TAVERN, LLC, ET AL : Case No. _____

V.

COMMISSIONER OF INTERNAL REVENUE : April 29, 2010

IN RE: Illegal Seizure of Property by Search
Warrant at 100 Grist Mill Road, Simsbury,
Connecticut

### MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR RETURN OF ILLEGALLY SEIZED PROPERTY AND REQUEST FOR IMMEDIATE HEARING

This Memorandum is submitted in support of the Emergency Motion for Return of Illegally Seized Property and Request for Immediate Hearing dated April 29, 2010, which was filed by Pettibone Tavern, LLC, Grist Mill Partners, LLC, 1&3 Mill Pond Partners, LLC, Grist Mill Capital, LLC, Avon Capital, LLC, ARIA, LLC, Charter Oak Trust, Avon Trust, USB Client Services, Inc., Caroline Financial Group, Inc., Rex Insurance Services, Inc., BESTCO Benefit Plans, LLC, Boston Property Exchange Transfer Company, Inc., Lincoln Financial Services Corporation, Wayne Bursey Individually, and Shawndrika Gardner, Individually (hereinafter, the "Petitioners").

### BACKGROUND

At approximately 9:00 a.m. on Tuesday, April 20, 2010, 35 to 50 heavily-armed agents of the Internal Revenue Service's Criminal Investigation Division, wearing black Kevlar bullet-proof vests and brandishing automatic weapons, invaded the offices of the Petitioners located at 100 Grist Mill Road in Simsbury, Connecticut (the "Petitioners' premises"). The IRS descended upon the Petitioners' premises in order to execute a sealed search warrant pertaining to "419 Plans" in general and the entities NOVA

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Benefit Plans, LLC and Benistar, Ltd., specifically. The search was purportedly conducted pursuant to a Search Warrant issued by U.S. Magistrate Judge Thomas P. Smith on April 16, 2010. (Exhibit 1, Search Warrant)[1]. It commenced at 9:05 a.m., concluded 13 hours later at 10:00 p.m., and resulted in the seizure of more than 400 boxes of documents and other property belonging to parties other than those particularly named in the Search Warrant. The IRS agents also took images of electronic data stored on computers and other electronic devices located at the Petitioners' premises. (Exhibit 2, Inventory Listing All Items Seized at Search Warrant Site).

Alarmingly, none of the Petitioners named herein are even mentioned in the Search Warrant. Furthermore, the Petitioners are neither related to, nor even affiliated with, NOVA Benefit Plans, LLC or Benistar, Ltd. In fact, the Benistar, Ltd. that was listed in the Search Warrant went out of business in January 2004 and has been out of business since that time.[2] This is the very essence of what is wrong with haphazardly raiding the Petitioners' offices at 100 Grist Mill Road – there are two dozen businesses located at that address that are not related to the entities listed in the Search Warrant and, in fact, are not even in the so-called "419 Plan" business – which is clearly the subject matter of the Search Warrant.

Nevertheless, the IRS agents took all of the Petitioners' files and documents and they did so even though the Petitioners' files and documents were not particularly identified in the Search Warrant. For example, "the IRS Agents took all documents

---

[1] The grand jury subpoena served with the Search Warrant (Exhibit 1) was issued on April 13, 2010 with a return date of June 8, 2010.

[2] Furthermore, when Benistar, Ltd. was in business, it was not even located at 100 Grist Mill Road, but rather, it was located at 507 Hopmeadow Street in Simsbury.

2



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

relating to one particular trust, Charter Oak Trust [which] does not allow tax deductions [and therefore] could not possibly be associated with any tax investigation or the underlying search warrant." (Exhibit 6, Affidavit of Bursey, ¶3, dated April 29, 2010). In addition, the IRS agents also took files that relate to Petitioners 1&3 Mill Pond Partners, LLC and Grist Mill Partners, LLC, both of which are real estate companies, including lease agreements and other important documents not related to this matter and, more importantly, not particularly set forth in the Search Warrant. (Exhibit 6, Affidavit of Bursey, ¶3, dated April 29, 2010). The IRS even went so far as to seize the sales tax records of the Historic Pettibone Tavern in Simsbury. (Exhibit 3, Affidavit of Rossi, ¶7, dated April 29, 2010). *See also* Exhibit 4, Affidavit of Castagno; Exhibit 7, Affidavit of Slattery; Exhibit 8, Affidavit of D. Wayne; Exhibit 9, Affidavit of Guy Neumann.

More than that, the IRS agents took items of personal property belonging to the individually named Petitioners. Shawndrika Gardner, an employee of Benistar Admin Services, Inc., and a nursing student at the University of Hartford, states, in her Affidavit:

> 5. In addition to Company property, files and documents belonging to the Petitioners unrelated to the Search Warrant, the IRS-CID agents also took my schoolbooks, study guides, notebooks and work papers necessary for my take-home Final Exam which is due this upcoming Monday, May 3, 2010.
>
> 6. Without these documents and my books, I have been unable to study properly and even work on or complete any assignments or the actual Final itself that is due less than a week from now. This has interrupted my schoolwork and could possibly cost me my grade and credit for a class that I have been working extremely hard on all semester and that is important for me to get my Nursing Degree.

3



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(Exhibit 5, Affidavit of Gardner, ¶¶5-6, dated April 29, 2010). The IRS agents even went so far as to take the personal tax returns of yet another Benistar Admin Services, Inc. employee, Wayne Bursey. (Exhibit 6, Affidavit of Bursey, ¶3, dated April 29, 2010).

In these respects, the search (more like an armed assault) was completely over-the-top and unnecessary, especially since civil actions regarding the actual subject matter of the Search Warrant are already underway and pending in this very Court. In the end, the IRS illegally seized more than 400 boxes of documents and other property belonging to the Petitioners, even though neither the property seized nor the Petitioners are identified in the Search Warrant. This illegal seizure is particularly egregious in that a simple search of the IRS's own records, or any number of publicly-available sources for that matter, would have made it clear that the Petitioners' premises are leased by Benistar Admin Services, Inc. and that the 100 Grist Mill Road property is owned by Grist Mill Partners, LLC, which is not listed in the Search Warrant. In fact, none of the other entities housed at 100 Grist Mill Road are listed in the Search Warrant; but, sadly, this reality did not stop the IRS from descending upon the Petitioners and illegally seizing their property.

Without the illegally seized property immediately returned, the Petitioners simply cannot conduct their businesses. Due to the immediate and ongoing debilitative impact which the illegal seizure of the property has had on the Petitioners' businesses and personal lives, and the irreparable harm being suffered by the Petitioners literally on a minute-by-minute basis, the Petitioners request an Order requiring the Respondent to immediately return the stolen property to the Petitioners based on the evidence and

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

affidavits submitted with this Motion and Memorandum. At the very least, this Court should hold an immediate evidentiary hearing to determine this Motion.

For the reasons stated in this Memorandum, the Respondent has overstepped its bounds both in the decision to apply for the Search Warrant, in the first instance, and in the manner of its execution. The Respondent has also deprived the Petitioners, legitimate businesses, which do not themselves have anything to do with welfare benefit plans, 419 plans, NOVA Benefit Plans or the long time defunct Benistar, Ltd., of the books and records they need to operate and to service their corporate clients who depend upon them. Not to mention, the Respondent has gone so far as to deprive the Individual Petitioners of their own personal property. The Court should, therefore, intercede and grant the relief necessary to remedy the abusive use by the IRS of the Search Warrant mechanism.

## ARGUMENT

### A. The Respondent Violated The Fourth Amendment Of The United States Constitution Through Its Illegal Seizure Of The Petitioners' Property.

It is well-established that the Fourth Amendment to the United States Constitution guards against illegal and unreasonable searches and seizures. It provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. Amend. IV. The Fourth Amendment also specifically requires that search warrants be judicially sanctioned and supported by probable cause. For this reason, a

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

search warrant must be limited in scope according to specific information, supplied by a person that has sworn to it, to the issuing court. "A search must be confined to the terms and limitations of the warrant authorizing it." *Matias*, 836 F.2d at 747. "The Supreme Court has also stated that searches involving documents must be "conducted in a manner that minimizes unwarranted intrusions upon privacy." *Id.* *"However, when items outside the scope of a valid warrant are seized, the normal remedy is suppression and return of those items." Id.* (emphasis added).

Despite these mandates, on the fateful day of April 20, 2010, the Respondent violated the Fourth Amendment rights of the Petitioners by illegally seizing property outside the scope of the Search Warrant signed by Magistrate Judge Smith. Accordingly, the illegally seized property must be returned to the Petitioners to avoid further harm.

### 1. The Respondent Illegally Seized Property Outside the Scope of the Search Warrant.

Rather than limit its seizure to items and documents identified in the search warrant, the government conducted a wholesale seizure of files, records and computer hard drives. Petitioners' property that was illegally seized went far beyond the scope of the search warrant – resulting in files, documents, records and other information being taken by the IRS that were not identified in the Search Warrant. "Where a search exceeds the scope of a warrant, the normal remedy is suppression and return of those items [which exceed the scope of the warrant]..." *United States v. Matias*, 836 F.2d 744, 747 (2d Cir. 1988). Retention of items outside the scope of the warrant is illegal, unless the government can prove – at its burden – that the items fall within an exception to the Fourth Amendment's warrant requirement. See *United States v. Slocum*, 708 F.2d 587,

6

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

606 (11th Cir. 1983). Indeed, permitting the government to retain items outside the scope of the warrant without a showing of a separate legal basis would dramatically "dilute the right to privacy in one's personal papers." *Andresen v. Maryland*, 427 U.S. 463, 482 (1976).

Rule 41(g) is the proper means for obtaining the return of property improperly seized by the government. *United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989 (9th Cir. 2009). The Rule provides, in pertinent part, as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. Rule 41(g).

To prevail on a Rule 41(g) motion, the movant must show (1) that he is entitled to lawful possession of the item seized, (2) that the item seized is not contraband and (3) that the seizure was unlawful. *Doane v. United States*, 2009 U.S. Dist. LEXIS 61908 (S.D.N.Y. June 5, 2009). Based upon this Rule, the Petitioner in *Doane* moved for the return of property seized by the IRS during a raid of his apartment. Although the warrant limited the search to "[b]ooks and records relating to the businesses run by [the Petitioner] for the years 2002 to the present," the IRS agents seized pre-2002 documents. In his motion, the Petitioner sought the suppression and return of "all originals and duplicates of his records that date from before 2002," which he argued were outside the scope of the warrant and, therefore, seized in violation of the Fourth

7

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Amendment. In granting the Petitioner's motion, the Court held that "when items outside the scope of a valid warrant are seized, the normal remedy is suppression and return of those items." Accordingly, the Court ordered the IRS to return the pre-2002 documents.

Likewise, in *Voss, et al, v. Special Agents, et al.*, 774 F.2d 402 (10th Cir. 1985), the Tenth Circuit Court of Appeals affirmed a district court order that property seized by IRS agents be returned where the warrant itself was so overbroad that, as the district court held, it created "carte blanche for government agents to take anything that they saw, whether it was nailed down or otherwise, and, indeed, as best I can find from the returns and the pleadings, that's precisely what did happen." *Id.* at 404. The Tenth Circuit, in considering the government's appeal of the order that it return the seized property, noted that "[t]he [F]ourth [A]mendment requires that a search warrant describe the things to be seized with sufficient particularity to prevent a 'general, exploratory rummaging in a person's belongings.'" *Id.*, quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). The court recognized that this constitutional principle establishes the rule that "nothing is left to the discretion of the officer executing the warrant." *Id.*, quoting *Stanford v. Texas*, 379 U.S. 476, 485 (1965). The court went on to emphasize that it cannot be the province of a search warrant to permit "government agents to rummage through all" records found, as "a warrant that simply authorizes the seizure of all files, whether or not relevant to a specified crime, is insufficiently particular." *Id.* at 405-06.

For these same reasons, the courts in *Watts v. Kroczynski*, 636 F.Supp. 792 (W.D. La. 1986), and *In re: Application of First United Fin. Corp.*, 1986 U.S. Dist. LEXIS

8

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

29178 (E.D.N.Y. Feb. 26, 1986), ordered the immediate return of illegally seized property. In *Watts*, IRS agents executed five search warrants and seized various records and documents from the plaintiff's residence and business premises. The Petitioner moved for the return of many of the items pursuant to Rule 41(e) on the ground that the seizure of the documents was made in flagrant disregard of the scope of the warrants, all in violation of the Fourth Amendment. Although the court found that there was no "flagrant disregard" of the terms of the search warrant, "some documents were seized from the plaintiffs' premises which exceeded the scope of the warrants." The Court ordered the immediate return of those items, which were not unlike the items illegally seized in this case.

In *In re: Application of First United Fin. Corp.*, 1986 U.S. Dist. LEXIS 29178 (E.D.N.Y. Feb. 26, 1986), government agents searched the petitioner's corporate premises pursuant to a warrant which excepted from the search "the office and files of Stuart Steinberg, an attorney." Id. at *2. Although the agents did not search Steinberg's office, they did seize his "files", which were not located in his office. The petitioner moved for return of the files pursuant to Rule 41(e) and the court held a hearing "as to whether the agents seized items outside the scope of the warrant." Id. at *1. The court found that several of the items seized by the agents were Steinberg's files and therefore beyond the scope of the warrant. Id. at *4-5. Those items were ordered returned. Id. at *5. See also *Tedone v. USA*, 559 F. Supp. 52 (D. Conn. 1983) (ordering the return of originals and copies of certain papers seized from the petitioners which were beyond the scope of the warrant in that it only identified "controlled drugs, narcotics, marijuana, pills, capsules, powers, and/or other items of controlled substances and contraband.");

9

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*Marshall v. Duncan*, 84-2 U.S. Tax Cas. (CCH) P9683 (1984) (where items seized by IRS agents were outside scope of warrant, IRS directed to return items within 15 days pursuant to Rule 41); *Kremen v. United States*, 353 U.S. 346 (1957) (reversing the convictions of the defendants and recognizing that the no-holds-barred search and seizure of all property, regardless of any authorization from a search warrant, went far beyond the constitutional boundaries imposed by the Fourth Amendment).

Simply stated, the Fourth Amendment requires that if the government wants to seize the property of private citizens, it needs to have a warrant to do so. This also means, as each of these courts recognized, that the Fourth Amendment prohibition against unreasonable search and seizure requires that property seized from the target of a warrant must be returned where the warrant is insufficiently particular in what it seeks. It is, naturally, axiomatic that the Fourth Amendment also must require the return of property where the person from whom it was seized is not even a target of the warrant, and where the property in question was not even described within the warrant.

The Petitioners are victims of such an illegal seizure as a result of the events of April 20, 2010. In fact, on that day, the IRS agents took all of the Petitioners' files and documents and they did so even though the Petitioners' files and documents were not particularly identified in the Search Warrant. For example, "the IRS Agents took all documents relating to one particular trust, Charter Oak Trust [which] does not allow tax deductions [and therefore] could not possibly be associated with any tax investigation or the underlying search warrant." (Exhibit 6, Affidavit of Bursey, ¶3, dated April 29, 2010). In addition, the IRS agents also took files that relate to Petitioners 1&3 Mill Pond Partners, LLC and Grist Mill Partners, LLC, both of which are real estate companies,

10

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

including lease agreements and other important documents not related to this matter and, more importantly, not particularly set forth in the Search Warrant. (Exhibit 6, Affidavit of Bursey, ¶3, dated April 29, 2010). The IRS even went so far as to seize the sales tax records of the Historic Pettibone Tavern in Simsbury. (Exhibit 3, Affidavit of Rossi, ¶7).

In addition, Wayne Bursey describes the impact that the illegal seizure of property had upon Grist Mill Capital, LLC:

> 8. The federal agents also took every single file and every single policy and application belonging to Grist Mill Capital, LLC. Grist Mill Capital, LLC's portfolio is currently over Two Billion Dollars. This is particularly harmful in that Grist Mill Capital, LLC is in the midst of engineering a deal to sell its portfolio of insurance policies to a major German pension plan next month. This deal is now at risk because every insurance portfolio and policy was seized by the IRS on April 20, 2010.

(Exhibit 3, Affidavit of Bursey, ¶8).

More than that, the IRS agents took items of personal property belonging to the individually named Petitioners. Shawndrika Gardner, an employee of Benistar Admin Services, Inc., and a nursing student at the University of Hartford, states, in her Affidavit:

> 5. In addition to Company property, files and documents belonging to the Petitioners unrelated to the Search Warrant, the IRS-CID agents also took my schoolbooks, study guides, notebooks and work papers necessary for my take-home Final Exam which is due this upcoming Monday, May 3, 2010.
>
> 6. Without these documents and my books, I have been unable to study properly and even work on or complete any assignments or the actual Final itself that is due less than a week from now. This has interrupted my schoolwork and could possibly cost me my grade and credit for a class that I

11

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

have been working extremely hard on all semester and that
is important for me to get my Nursing Degree.

(Exhibit 5, Affidavit of Gardner, ¶¶5-6, dated April 29, 2010). The IRS agents also took the personal tax returns of yet another Benistar Admin Services, Inc. employee, Wayne Bursey, (see Exhibit 6, Affidavit of Bursey, ¶3, dated April 29, 2010), and the cell phone of Kevin Slattery, which cost him over $500 to replace, and which he used in connection with his business dealings for Lincoln Financial Services, Inc. (Exhibit 7, Affidavit of Slattery, ¶¶5, 7). These are just a few examples of the hundreds of items of property that were illegally seized by the Respondent on April 20, 2010. (See also Exhibit 4, Affidavit of Joe Castagno; Exhibit 8, Affidavit of Donna Wayne; Exhibit 9, Affidavit of Guy Neumann; Exhibit 10, Affidavit of Molly Carpenter).

Such illegal seizures run afoul of the mandates of the Fourth Amendment and the immediate return of all such property is required. Anything less than an order requiring the return of such property to the Petitioners will undoubtedly result in continued irreparable harm to them.

**B. The Illegal Seizure Also Violated The Petitioners' Fifth and Fourteenth Amendment Rights**

The Due Process Clause of the Fifth Amendment guarantees that "no person shall . . . be deprived of life, liberty, or property, without due process of law." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). The Fourteenth Amendment similarly provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. "From these [fundamental] and abstract words, [the United States Supreme Court has] determined that individuals whose property interests are at stake are entitled to notice and an

12

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

opportunity to be heard." *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). "The right to prior notice and a hearing is central to the Constitution's command of due process." *James Daniel,* 510 U.S. at 53.

"The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment – to minimize substantively unfair or mistaken deprivations of property." Id. Moreover, even where "extraordinary circumstances" justify postponement of the hearing until after the event, a hearing must still be had. *Id.* at 53. However, once an improper deprivation has occurred, "no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred." *Fuentes v. Shevin*, 407 U.S. 67, 82 (1972).

In this case, the Petitioners' due process rights were violated, as they were deprived of property without notice or a hearing or an opportunity to be heard. Although the seizure of items pursuant to a *properly* executed search warrant may satisfy an individual's due process rights, the seizure of items that are beyond the scope of a search warrant certainly does not. Indeed, the Respondent's overreaching seizure of private property, for which it had no warrant, from citizens not targets of the warrant, goes so far as to also constitute a violation of the constitutional guarantee against the unjust taking of private property. *See* U.S. CONST. Amend. V. Therefore, the Petitioners demand that an immediate due process hearing and that the return of their illegally seized property.

13

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

As set forth above, many of the items seized in this raid were not listed on the search warrant and were therefore outside the scope of the warrant. Accordingly, at least with respect to the improperly seized items, the Petitioners were entitled to a pre-deprivation notice and hearing. Obviously, no such hearing was afforded, and the Petitioners have consequently been denied due process. Although no later hearing or damage award can undo this fact, the Constitution requires, at the very least, the return of the illegally seized property or an immediate opportunity to be heard on that issue. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

## CONCLUSION

For all the reasons stated, the Court should order the immediate return of all the property seized from the subject premises. In the alternative, the Court should order an immediate evidentiary hearing to determine the issues raised in this Motion and grant such other and further relief as the Court deems just and proper.

FOR THE PETITIONERS

By _____
James V. Somers (ct14525)
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
somers@halloran-sage.com

Dan E. LaBelle (ct01984)
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
(203) 227-2855
labelle@halloran-sage.com

14

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Gerald T. Giaimo (ct14885)
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
giaimo@halloran-sage.com

William McGrath (ct04314)
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
mcgrath@halloran-sage.com

Tracy L. Montalbano (ct26272)
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
montalbano@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

15
HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on counsel for the government as shown below by e-mail and first-class mail, postage prepaid:

Gordon P. Giampietro
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Rm. 530
Milwaukee, WI 53202
(414) 297-1083
gordon.giampietro@usdoj.gov



James V. Somers

1743252v.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

16

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105