IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

In Re Search Warrant Issued on April 16, 2010

Case No. 3:10-mc-00064-AVC

**MEMORANDUM IN SUPPORT OF BENISTAR 419 PLAN'S EMERGENCY MOTION FOR RETURN OF ILLEGALLY SEIZED PROPERTY AND REQUEST FOR IMMEDIATE HEARING**

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and the Fourth Amendment to the United States Constitution, Petitioner Benistar 419 Plan & Trust ("Petitioner"), hereby moves for the immediate return of all property illegally seized by the Internal Revenue Service during the April 20, 2010 raid of Petitioner's offices located at 100 Grist Mill Road in Simsbury, Connecticut.

Petitioner has been aggrieved by this unlawful search. The search and seizure of the Petitioner's property was unlawful because the vast majority of Petitioner's property is outside the scope of the warrant. Petitioner requests that the Court compel return of the documents that were improperly seized by the IRS so that it can make a motion for reconsideration of the U.S. Tax Court May 27, 2010 ruling against Petitioner in *Curcio, et al. v. Commissioner of IRS*, Docket Nos. 1768-07, 1769-07, 14822-07, 14917-07; T.C. Memo 2010-115 ("Tax Court Matter"). Petitioner must move for reconsideration of this decision by June 28, 2010. Petitioner submits that it cannot provide documents in support of its motion for reconsideration without the return of the improperly seized documents.

ST1 10997v3 06/03/10

## **BACKGROUND**

The detailed history regarding the IRS's raid on April 20, 2010 is fully explained in Petitioner's Motion to Unseal the Affidavit of Special Agent Shaun Schrader (Dkt. No. 5), which is incorporated here by reference. The search warrant at issue in this matter calls for items maintained by Petitioner and other "trusts, businesses or entities that promote, administer, or utilize 419 plans for the time period of 2004 to present." (Exhibit 1) As Petitioner understands the term, a "419 Plan" is a multiple employer trust that purports to be exempt from the rules and limitations of Sections 419 and 419A of the Internal Revenue Code by virtue of being described under the exemption contained in Section 419A(f)(6). (See Declaration of Wayne Bursey ["Bursey Decl."], ¶ 3).

While Petitioner is a 419 Plan, Petitioner was effectively closed to new Participating Employers as of December 31, 2003. (See Bursey Decl., ¶ 4). Contributions to the Benistar 419 Plan were on a lump-sum and one-time-only basis. (See Bursey Decl., ¶ 5). Petitioner only accepted a handful of contributions after that date. (See Bursey Decl., ¶ 6). Thus, most of the materials related to the Petitioner pre-date the time period prescribed by the warrant.

The Government seized all documents and files located at 100 Grist Mill Road, including all files and records belonging to Petitioner. (See Bursey Decl., ¶ 7). Petitioner requires its documents and records in order to make its motion for reconsideration of the Tax Court Matter. (See Bursey Decl., ¶ 8). Petitioner will need to review its own files and may need to include certain copies as exhibits to its motion. (See Bursey Decl., ¶ 9). Moreover, the Government has seized materials protected by attorney-client privilege and work product that are needed by the Petitioner in its motion for reconsideration. (See Bursey Decl., ¶ 10). Thus, Petitioner's adversary in the Tax Court Matter now possesses Petitioner's privileged materials. According to

the Government's own control sheet, Petitioner is listed as the entity associated with the boxes listed in Attachment A (See Bursey Decl., ¶¶ 11, 13). Petitioner believes that all of its files are accounted for in Attachment A.

## ARGUMENT

Rule 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g). To prevail on a Rule 41(g) motion, the movant must show (1) that he is entitled to lawful possession of the item seized, (2) that the item seized is not contraband and (3) that the seizure was unlawful. *See Doane v. United States*, 2009 U.S. Dist. LEXIS 61908 (S.D.N.Y. June 5, 2009). In *Doane*, although the warrant limited the search to the time period of 2002 to the present, the IRS agents seized pre-2002 documents. In that case, petitioner sought the suppression and return of all documents before 2002 because they were outside the scope of the warrant and seized in violation of the Fourth Amendment. In granting the petitioner's motion, the Court held that "when items outside the scope of a valid warrant are seized, the normal remedy is suppression and return of those items." *Id.*

It is clear that the Government's seizure of materials outside of the scope of the warrant is unlawful. The Fourth Amendment also specifically requires that search warrants be judicially sanctioned and supported by probable cause. "A search must be confined to the terms and limitations of the warrant authorizing it." *United States v. Matias*, 836 F.2d 744, 747 (2d Cir. 1988). "However, when items outside the scope of a valid warrant are seized, the normal remedy is suppression and return of those items." *Id.* (emphasis added).

In this case, the Government seized, on a wholesale basis, every file and record belonging to Petitioner, regardless as to whether it fit within the scope of the warrant. The Government

3

made no apparent effort to separate the wheat from the chafe. Had they done so, they would have clearly seen that Petitioner's materials pre-date the warrant. Thus, since the vast majority of the records belonging to Petitioner pre-dates the time period called for in the warrant, the Court should order the Government to immediately return these documents to Petitioner.

Additionally, Petitioner is and continues to be aggrieved by the deprivation of its property. It is undisputed that Petitioner is the rightful owner of the materials seized in the boxes listed in Attachment A and the Government cannot credibly assert any argument that these materials are contraband. Petitioner now has less than 30 days to file its motion for reconsideration in the Tax Court Matter. (See Bursey Decl., ¶ 8). However, because the Government has seized all of its files, including privileged materials, Petitioner cannot possibly meet its burden in its motion for reconsideration.

## CONCLUSION

For the reasons stated, the Court should order the immediate return of all the property improperly seized from Petitioner. The return of the improperly seized documents must be as expeditious as possible to allow Petitioner to file its motion for reconsideration in the Tax Court Matter in a timely fashion.

Dated: Stamford, Connecticut
      June 3, 2010

                              Respectfully submitted,
                              Fox Rothschild LLP


                              By: /s/ Joseph M. Pastore III
                                   Joseph M. Pastore III (ct11431)
                                   One Landmark Square
                                   21st Floor
                                   Stamford, CT 06901
                                   (203) 425-9500 – tel
                                   (203) 425-9595 – fax
                                   jpastore@foxrothschild.com

                              Counsel for Petitioner

## CERTIFICATE OF SERVICE

I, Joseph M. Pastore III, hereby certify that on June 3, 2010, this document was filed through the ECF system, was sent electronically to the registered participants as identified on the notice of Electronic Filing (NEF), and paper copies were sent to those indicated as non-registered participants.

/s/ Joseph M. Pastore III
Joseph M. Pastore III

ST1 10997v3 06/03/10