UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETTIBONE TAVERN LLC | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| RESPONDENT. | )        SEPTEMBER 12, 2010 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
ORDER TO SHOW CAUSE WHY COMPLIANCE
WITH SUMMONS SHOULD NOT BE STAYED**

Petitioner Nova Benefit Plans, LLC ("Nova") respectfully submits this memorandum of

law in support of its emergency motion for an order to show cause why enforcement of a third-

party summons (the "Summons") issued by the Internal Revenue Service (the "IRS" or the

"Government") should not be stayed.  The Summons seeks to circumvent the law, as well as the

stay of proceedings in this case [Dkt # 28], and this Court's authority, by seeking from a third

party in Nebraska (which would have no knowledge of these proceedings and no interest in

protecting Nova's rights),[1] that which the Commission has already agreed (and this Court so

ordered) should not be reviewed by the Government until an agreement is reached concerning

the return of illegally seized documents.

Most troubling, the Summons may be a subterfuge to cover up the Government's having

*already reviewed* the documents illegally seized in the April 20, 2010 (the "IRS Raid").  The

supposed subject of the Government's investigation, Joseph Reddy M.D., Inc. ("Taxpayer"), is a

---

[1] Concurrently herewith, Nova filed a Petition to Quash the summons in the District of Nebraska.

participant in Nova's Sickness Accident Disability Indemnity Plan & Trust ("SADI Trust"), the documents belonging to which were seized by the government in the IRS Raid.  At the very least, the right hand does not know what the left is doing, necessitating this Court's action.

Justice dictates that this Court stay the Government's enforcement of the Summons pending the outcome of the criminal investigation of Nova.  The Government should not be able circumvent the law and its own agreement not to review certain documents by issuing a work-around summons designed to secure copies of the same documents by different means.  The scope of the Summons belies the intent of the Government:  it requests broad categories of documents that cannot legitimately be said to concern the investigation of the Taxpayer.  Indeed, more than half of the requests do not even mention the Taxpayer or any of its employees or principals.

The Summons is an egregious abuse of Executive Branch power.  It is extremely just and necessary for this Court exercise its power under *Marbury v. Madison*, 5 U.S. 137 (1803), to check the Government's inappropriate actions with respect to the Summons by ordering the stay requested by this motion.

## I.    PERTINENT FACTS

The detailed history regarding the IRS Raid on April 20 is fully explained in Petitioner's Motion to Unseal the Affidavit of Special Agent Shaun Shrader (Dkt. No. 5), which is incorporated here by reference.  The items seized include hundreds of boxes of documents, including those maintained by entities that are not under criminal investigation and whose documents should not have been seized.

Nova is apparently the subject of a criminal investigation.  On April 13, 2010, the Eastern District of Wisconsin issued a federal grand jury subpoena to Nova, seeking a broad array of

ST1 15053v1 09/12/10

documents.  Then, on April 20, 2010, over 70 heavily-armed agents with the seal of Internal

Revenue Service Criminal Investigation Division emblazoned on their black Kevlar bullet-proof

vests executed a commando raid (the "IRS Raid") on the premises that Nova shares with two

dozen other entities.  The IRS Raid was conducted pursuant to a search warrant issued by the

District of Connecticut, which authorized the seizure of materials relating to "419 Plans."  In the

IRS Raid, the Government illegally seized hundreds of boxes of materials belonging to entities

other than Nova.  The Government seized all documents and files located at 100 Grist Mill Road,

Simsbury, Connecticut, including all files and records belonging to Nova.  Currently, the boxes

containing the illegally-seized material are in the possession of the U.S. Attorney for the Eastern

District of Wisconsin, are said to be under seal and the documents inaccessible.

On August 18, 2010, IRS Agent Sophia Wong issued the third-party administrative

Summons in the matter of the income tax liability of Joseph Reddy, M.D., Inc. (the "Taxpayer"),

seeking broad categories of documents from Washington National.  (*See* Summons attached as

Exhibit A to the Declaration of Wayne Bursey ["Bursey Decl."].)  The IRS sent Nova notice of

the Summons, dated August 19, 2010, and which Nova received on August 23, 2010.

It is beyond credulity that such broad requests, the responses to which necessarily

implicate every document and every participant or insured for any product that was *also*

*issued* to the Taxpayer, is reasonably related to the Government's investigation of the

Taxpayer.

3

II.    **ARGUMENT**

    A.    **The Summons is Unenforceable Because It Does Not Comply with Federal Law**

        1.    **The Scope of the Summons Belies its True Intent to Acquire Documents of Nova Notwithstanding the Stay in this Action.**

I.R.C. §§ 7609(a) and (b) provide the identified taxpayer the right to intervene where its records have been summoned from a third-party record keeper. Here, the Internal Revenue Service initially served a summons referencing "Nova Benefit Plans, LLC" but addressed to Washington National, requesting documents that are not relevant to Petitioner or any of its affiliates. Given the ongoing multiple investigations of Petitioner and its affiliates, the Internal Revenue Service appears to be churning out summonses without serious regard to what it is requesting or to whom it is directing its requests.

If one looks at the scope of the documents sought by the Summons and, in particular, how few of them relate to the Taxpayer, one must conclude that the Taxpayer is not the focus of the vast majority of documents sought by the overbroad Summons. The Taxpayer is not even named in the majority of the requests. The Summons should be deemed unenforceable on this ground alone.

Notwithstanding the above, an IRS summons is generally enforced only if: (1) there is a legitimate purpose for the examination; (2) the information summoned may be relevant to that purpose; (3) the information is not already in the Internal Revenue Service's possession; and (4) the Internal Revenue Service has complied with the administrative steps required by the Code and the regulations promulgated thereunder. See United States v. Powell, 379 U.S. 48 (1964). Thus, the relevance of the information sought is determined by the answer to the question whether it "might throw light upon" a proper subject of inquiry. An even greater showing of relevance is required where the summons issued to a third party. Specifically, the question is

4

whether there exists the requisite nexus between the taxpayer and the records of another's affairs to make the investigation reasonable.  Thus, in the current circumstances, the question is whether there is a realistic expectation -- rather than an idle hope -- that something material may be discovered.[2]

Even if Agent Wong presents evidence that her investigation serves a legitimate purpose, "the agent's personal good faith is less relevant than the IRS's 'institutional posture'."  *Moon*, 616 F.2d 1046.  Here, without a doubt, the IRS's institutional posture is to obtain Nova documents, notwithstanding the apparent Justice Department referral, and to circumvent its own agreements in this action.  Although Nova is not the Taxpayer on the Summons, it is clearly the target of most of the requests in the Summons.

By sending out § 6707A penalty notices, the Internal Revenue Service effectively confirmed that its real interest is in learning the names of the taxpayers to add to its audit grist mill, and not pursuing a legitimate investigation of the named Taxpayer or Nova Benefit Plans.  For example, the Summons does <u>not</u> seek documents concerning the Taxpayer's bank accounts or insurance accounts in its or its principal's name, where money might be hidden.  Thus, as Petitioner and its affiliates have previously argued in its response to the summonses sent to JP Morgan Chase, Wachovia, New York Life, Hartford Life and National Life of Vermont, the Government has failed to proceed in a manner providing individual taxpayers with the statutory protection to which they were entitled pursuant to I.R.C. §7609(f) – the "John Doe" Summons procedure.

Of course, now that it knows it has the names and has conducted some "interviews", the Government can no longer claim in good faith that it can satisfy any of the four <u>Powell</u> factors it

---

[2] Concurrently herewith, Nova has petitioned to quash the Summons in the United States District Court for the District of Nebraska, the district where Washington National is found.

must meet in order to continue its alleged "investigation" through the enforcement of a summons to obtain information it already has from other sources.  Since it has already started to penalize the Taxpayer under I.R.C. §6707A with a $200,000 penalty for participation in a welfare benefit plan, it is the height of bad faith for the Internal Revenue Service to say it is still "investigating" and has not already made up its mind concerning the status of Nova plans as welfare benefit plans or "listed" transactions.

The circumstances of the instant case once again make it painfully apparent that the investigation is not legitimate, that the summons in question is being used pretextually, and that its sole purpose is to obtain information about taxpayers who are not being audited so that they can be subjected to summary disallowance of tax benefits associated with Nova, even though the Government will not and cannot comply with the Congressionally-mandated John Doe Procedures.

**2.      The Information Sought by the Summons is Not Relevant to a Legitimate Purpose**

The categories of documents the Commissioner seeks in response to the Summons are so broad and all-encompassing that they simply do not relate to the Taxpayer and any legitimate search of the Taxpayer.  More than half of the requests, in fact, do not even mention the taxpayer.  They are:

> 4.      All documents reflecting the relationship between Washington National and NOVA Benefit Plans, LLC with respect to *any and all life insurance products* that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

> 5.      All agreements between Washington National and NOVA Benefit Plans, LLC regarding the marketing, advertising and/or sales of any or all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

6

6.      All documents reflecting the relationship between Washington National and Sickness Accident Disability Indemnity Plan & Trust with respect to any and all life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date the summons was issued.

7.      All agreements between Washington National and Sickness Accident Disability Indemnity Plan & Trust regarding the marketing, advertising and/or sales of any or all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

8.      All documents reflecting the relationship between Washington National and Wayne H. Bursey with respect to any and all life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

9.      All agreements between Washington National and Wayne H. Bursey regarding the marketing, advertising and/or sales of any or all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

10.     All agreements between Washington National and any and all persons or entities other than NOVA Benefit Plans, LLC, the Sickness Accident Disability Indemnity Plan & Trust, the Trustee of the Sickness Accident Disability Indemnity Plan & Trust regarding the marketing, advertising, and sales of any and all of the life insurance products that were in effect at any time during the period beginning January 1, 2005 through the date this summons was issued.

(*Id.* ¶¶ 5, 6.)

Paragraph 11 asks for documents "reflecting the relationship between Washington National and Joseph Reddy and/or Joseph Reddy's employer with respect to any or all of the life insurance products that were in effect at any time…."  Clearly the Commissioner knows that Washington National is the insurance carrier and the Taxpayer is the insured participant in a welfare benefit plan sponsored by Nova.  The IRS knows this because they have been given several copies of this information in the past, voluntarily, by Nova in its responses to various Information Document Requests (IDR) made on Nova before an Internal Revenue Service

Criminal Investigation Division seized the documents in an illegal raid on April 20, 2010.  Now there is no question that the IRS has *all* of Nova's documents concerning the Taxpayer its warehouse in Milwaukee under lock and key.

Paragraph 12 merely asks about Washington National's record retention procedures, which are wholly irrelevant to these proceedings – assuming that a specific tax return was under review.  But Washington National, Nova, Wayne Bursey, and the Taxpayer do not have any tax returns under audit.  The IRS has broad summons powers under §7602 – but only for the purpose of ascertaining the correctness of a return.  If the Commissioner were truly interested in ascertaining the correctness of the Taxpayer's return for a given year, the requests would concern the revenue generated by the Taxpayer and how it was spent.  Washington National is not a bank nor does the Taxpayer have an account with Washington National.  The annuity policy on his life was owned by and payable to a welfare benefit trust sponsored by Nova.

This leaves only Paragraphs 1, 2, and 3 of the Summons.  Paragraph 1 asks only for a copy of the annuity policy that was taken out on the life of Dr. Reddy.  This Paragraph 1 suffers from the same affliction as Paragraph 11 in that the Service already has multiple copies of the Taxpayer's insurance policy voluntarily given by Nova and at least one copy illegally seized in the Raid.  Therefore, the IRS cannot possibly meet its <u>Powell</u> requirements in this regard.

As for Paragraphs 2 and 3, all one can say is that they are examples of the classic "overly broad" and "overly burdensome" requests that are routinely struck down and quashed by courts because they are clearly irrelevant to any possible tax issue of the Taxpayer and constitute a prohibited "fishing expedition" that is as inappropriately intrusive as it is vague.  The IRS may not conduct an "unfettered" "fishing expedition" through a person's records, but "must identify

with the same precision the documents it wishes to inspect." <u>United States v. Dauphin Deposit Trust Co.</u>, 385 F.2d 129, 131 (3d Cir. 1967).

It is beyond credulity that such broad requests, the responses to which necessarily implicate every document and every participant or insured for any product that was *also issued* to the Taxpayer, is reasonably related to the Government's investigation of the Taxpayer.

Furthermore, the vague and voluminous materials required of Washington National in Paragraphs 2 and 3 are *word for word* the same as a similar request made of Monumental Life concerning a welfare benefit plan by a summons that was quashed by the district court, and the district court's quashing of the summons was upheld by the Sixth Circuit, which stated:

> The present case exemplifies an exceptional circumstance where automatic reliance upon an agent's affidavit is not adequate because (1) the subpoena is directed to a third party, not to the taxpayer being investigated, (2) the IRS seeks a voluminous amount of highly sensitive propriety information about Monumental's general administration of its products, (3) the IRS has opposed the imposition of a protective order, and (4) the magistrate judge, who spent years considering the scope of the summons, found that the IRS was seeking "some irrelevant information."

<u>United States v. Monumental Life Ins. Co.</u>, 440 F.3d 729 (6th Cir. 2006).  The Summons suffers from the *same* defects.

Similarly, the Eighth Circuit in <u>United States v. Matras</u>, 487 F.2d 1271 (8th Cir. 1973), upheld the quashing of a summons because the IRS was looking for totally irrelevant information to the audit of any tax return:

> A corporation not required to produce copies of its budgets when the IRS justified its request on the need for a "roadmap" to better understand the corporation's operations.  "The term 'relevant' connotes and encompasses more than 'convenience.'. . . If we were to accede to the government's view, it is difficult to imagine corporate materials that might not contribute to a more comprehensive understanding of the workings of the corporation, and thus, according to the government, be deemed relevant to the tax investigation."

9

<u>Id.</u>, at 1275.

### 3.   Under *Powell*, the Summons is Unenforceable Because the IRS Already has Documents Responsive to the Summons

The Government already has the documents relating to Nova and SADI as part of the illegal search and seizure in the IRS Raid and because of Nova's voluntary compliance over the last four years in the case of Dr. Reddy. Now, even though the Government agreed to stay the 41(g) Action while the parties negotiated a proper means of returning the illegally seized documents, the Government is attempting to seize the Nova and SADI documents from third parties.

### 4.   The Government Failed to Comply With All Administrative Steps in Issuing The Summons

The Government has failed to proceed in a manner providing individual taxpayers with the statutory protection to which they were entitled pursuant to I.R.C. §7609(f) – the "John Doe" Summons procedure. The importance of the Congressionally-mandated protection of the taxpayer through the "John Doe" Summons requirement of §7609(f) was previously expressed by a Judge in the Southern District of Iowa:

> *If the sole purpose of the summons was to find other taxpayers for the IRS gristmill the information sought from AmerUs would not be relevant to [IRS Agent] Higgins' investigation which concerns only the conduct of xélan in marketing the 419 Program and its compliance with various statutory requirements. In such a case, the identity of other participants could be obtained from AmerUs by administrative summons, if at all, only through a "John Doe" summons under the procedure outlined in IRC §7609(f).* The "John Doe" summons process requires, among other things, a court proceeding at which the IRS must establish a reasonable basis for believing that a group or class of unidentified persons may fail, or may have failed, to comply with the internal revenue laws. Because unidentified persons have no opportunity to institute proceedings to quash such a summons, §7609(f) substitutes the Court to "take[] the place of the affected taxpayer" in order to "exert[] a restraining influence on the IRS" through the required findings.

xélan, Inc. v. United States of America, No. M-04-83, Order filed Feb. 7, 2005 (S.D. Iowa).

(Emphasis added.)

The Government has continually sought to do an end-run around the John Doe

procedures by claiming that the summons at issue is a "dual-purpose" summons.  There is no

doubt that the Government will make the same argument in this case.  But a dual-purpose

summons is subject to the strictures of Tiffany Fine Arts v. United States, 469 U.S. 310 (1985):

> [I]f the district court finds in the enforcement proceeding that the IRS *does not in fact intend to investigate* the summoned party, or that *some of the records requested are not relevant* to a legitimate investigation of the summoned party, the IRS could not obtain all the information it sought unless it complied with §7609(f).

Tiffany, 469 U.S. at 324 (emphasis added).

Under Tiffany, a dual-purpose summons will not be enforced if the stated purpose is

pretextual and used cynically to avoid complying with John Doe requirements, and unlike

Tiffany, there are no audits currently being conducted of either Washington National or the

Taxpayer, or even Nova (except, of course, the criminal investigation that automatically nullifies

the Summons).  Thus, for instance, in United States v. Gertner, 65 F.3d 963 (1st Cir. 1995), the

IRS served a purportedly dual-purpose summons on a law firm as a pretext where its real aim

was to investigate the firm's clients.  The district court quashed the summons and the First

Circuit affirmed:

> Once the judge determined as a matter of fact that the government's actual purpose in issuing the summonses was to further an investigation of the unnamed client, the follow-on conclusion that the government should have complied with the procedure for issuing John Doe summonses becomes irresistible.

Gertner, 65 F.3d at 971.

Moreover, <u>Tiffany</u> allows the dual-purpose summons only if the information sought relates in the first instance to a *"legitimate investigation of the summoned taxpayer."* 469 U.S. at 324 (emphasis added).  Again, unlike <u>Tiffany</u>, neither Nova nor the Taxpayer are under audit.

### B.    Nova is Apparently the Subject of a Justice Department Referral

Title 26, Section 7602(1) of the United States Code provides that no summons may be issued, and no action under § 7604 to enforce a summons may be begun, while a Justice Department referral is in effect.  *See also* Regs. § 301.7602-1(c) ("The Commissioner may neither issue a summons under this title nor initiate a proceeding to enforce a previously issued summons by way of § 7604 with respect to any person whose tax liability is in issue, if a Justice Department referral is in effect with respect to that person for that liability").  This has been interpreted to mean that *the IRS may not continue to pursue a civil summons after a criminal referral has been made.  See Pickel v. U.S.*, 746 F.2d 175, 183 (3d Cir. 1984)(stating that the summons power ends when the IRS makes a Justice Department referral).

The legislative history of TEFRA[3] supports the conclusion that once a criminal reference is made, the *IRS may not continue to pursue* a civil summons on the same subject matter.  It states:

> The provision is in no way intended to broaden the Justice Department's right of criminal discovery or to infringe on the role of the grand jury as a principal tool of criminal prosecution.  The committee expects that the Justice Department will continue to have primary responsibility for criminal prosecutions under the tax laws and that the Internal Revenue Service *will not use its summons authority to pursue a civil or criminal investigation after the case subject to the investigation is referred.*

S. Rep. No. 494, 97th Cong., 2d Sess. 286 (1982) (emphasis added).

---

[3]  Tax Equity and Fiscal Responsibility Act of 1982, P.L. 97-248.

The IRS should not be permitted to initiate or continue a summons enforcement action after a referral.  Tacitly acknowledging that it cannot demand documents directly from Nova, and unwilling to wait until the Petitioner's documents and other illegally-seized materials are separated from the materials seized in the IRS Raid, the Government is seeking the same documents from a third party.  The Summons, therefore, seeks to do through a third-party that which the Government cannot do directly:  engage in extensive discovery of documents concerning Nova.  The IRS should not be permitted to usurp the role of the Justice Branch in this matter or continue to carry on a broad investigation that runs parallel to the apparent Justice Department investigation.  With the Summons, the Government is circumventing binding precedent by seeking Nova documents through its overbroad and illegal Summons.

### C.    The Summons Circumvents the Agreement of Counsel, so Ordered by this Court

 By agreement of counsel, so ordered by this Court, the Government is not supposed to review the hundreds of boxes of documents it seized in the IRS Raid.  Thus, all of the documents the Government wants to support its criminal investigation are outside its reach.  Not to be deterred by such details, the IRS, while wrapping itself in the trappings of a legitimate Taxpayer investigation, fashioned ridiculously overbroad document requests for the Summons designed to access the exact documents it is not permitted to review.

Tacitly acknowledging that it could not demand the documents directly from Nova due to the criminal investigation, the IRS directed the summons to a third party, Washington National, that cannot be expected to know anything about the actions taken in this Court concerning the materials sought by the Summons, cannot be expected to consider Nova's rights and interests with respect to the materials subject to the Summons, and certainly cannot be expected to incur the costs of filing its own petition to quash where its own rights and interests are not at stake.

ST1 15053v1 09/12/10

The IRS is abusing its power and offending the public trust placed in the Government to protect the people, and to do so honorably, by forcing Nova not only to protect its rights in the criminal investigation but also to protect against third party summons designed to circumvent the separation of powers of our federal government.  This Court should not let this continue; Nova's motion should be granted.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Nova's Emergency Motion for an Order to Show Cause Why the Enforcement of a Summons Should Not Be Stayed should be granted.

RESPECTFULLY SUBMITTED,

By:   /s/ Joseph M. Pastore III
Joseph M. Pastore III (ct11431)
FOX ROTHSCHILD LLP
One Landmark Square, 21st Floor
Stamford, CT 06901
(203) 425-9500 (telephone)
(203) 425-9595  (facsimile)
jpastore@foxrothschild.com

*Attorneys for Movant Nova Benefit Plans, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2010, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph M. Pastore III
Joseph M. Pastore III

15