UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE:  SEARCH OF 100 GRIST MILL ROAD
         SIMSBURY, CONNECTICUT

CASE NOS. 10MC00060 and 10MC00064 - AVC

**MEMORANDUM IN SUPPORT OF
MOTION TO STAY RULE 41(G) PROCEEDINGS**

INTRODUCTION

The United States of America, by and through its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Gordon P. Giampietro, Assistant United States Attorney, respectfully submits this Memorandum in support of its Motion to Stay these consolidated Fed.R.Crim.P. 41(g) proceedings. Respectfully, until the United States receives court-approval of the filter team review process, it is unable to review the seized documents and, therefore, cannot respond to the petitioners' argument that they were unlawfully seized. For this reason, the United States respectfully requests that this Court stay these proceedings until such time as the filter team litigation pending in the Eastern District of Wisconsin is resolved. Prior to that time, the United States is simply not in a position to respond to the petitioners' many arguments.

BACKGROUND

The United States assumes this Court's familiarity with the pertinent facts, both from

the petitioners' various filings, and the unsealed search warrant materials.[1]  The United States will not at this time engage the allegations of wrongdoing set forth in the petitioners' filings. Needless to say, the United States takes a different view of the facts, both as to the existence of probable cause for the search, and the manner in which the search was conducted. Moreover, the United States expects that many of the unfounded allegations of wrongdoing set forth in the petitioners' filings will be withdrawn now that they have seen the search warrant application and the seized documents themselves.  Regardless, the United States cannot engage the petitioners' allegations that documents were unlawfully taken because the United States has not reviewed even a single document.

Consistent with its representation to Magistrate Judge Smith, the prosecution team has not reviewed the documents seized during the April 20, 2010 search. *See* Exhibit 1, Affidavit of Special Agent Shaun Schrader, page 7, n.1.  Also consistent with this representation, the United States filed a filter team motion (under seal) with the United States District Judge supervising the grand jury proceedings in the Eastern District of Wisconsin. The motion proposes an orderly method by which the parties can litigate and resolve potentially-valid privilege claims.  The proposal strikes a balance between the grand jury's legitimate investigative prerogatives with the petitioners' interest in protecting potentially-privileged

---

[1] The search warrant materials were originally sealed by Magistrate Judge Thomas P. Smith. On July 26, 2010, the United States moved to unseal the search warrant materials, including the Affidavit of IRS-CID Special Agent Shaun Schrader.  Magistrate Judge Donna F. Martinez granted the motion on July 27, 2010.  A copy of the un-sealed materials are submitted herewith.

materials.

While the prosecution team has not reviewed a single document, petitioners' counsel have had complete access to all of them. Counsel visited the Milwaukee, Wisconsin IRS-CID offices on June 17-18; July 9, 12-14; July 19-20; and July 28-30, and scanned a portion of the documents. In addition, mirror images of the computer evidence were provided to the petitioners. The United States has also permitted the petitioners to take *original* documents when it has been represented that they were needed to conduct ongoing business. In short, while the documents remain in the custody and control of the United States, the petitioners have had – and continue to have – access to them.

By contrast, the United States, without a request from the petitioners, has not reviewed any of the documents pending a court-approved filter team process. On August 12, 2010, the United States filed the filter team motion in the Eastern District of Wisconsin, and the parties await a decision on that motion.

## ARGUMENT

I.  A stay is appropriate because the United States cannot respond to the Rule 41(g) motions without access to the documents and, in any event, suppression is not an available remedy.

The petitioners' consolidated Rule 41(g) motions demand the return of "all the property seized from the subject premises" during the April 20, 2010 search. *See* 4/22/10 Memorandum at p. 30 (10MC00060); 4/29/10 Memorandum at p. 14 (10MC0064). In as much as the motions were filed before the petitioners had access to the search warrant

materials, it is perhaps understandable that the request for relief would extend – literally – to everything.  Now, however, the facts that satisfied Magistrate Judge Smith regarding probable cause are known to the petitioners.

In addition, petitioner Benistar Admin Services, Inc. ("BASI") has since responded to two grand jury subpoenas – that are coextensive with the list of items to be seized (Attachment B to the search warrant) – by certifying that all documents responsive to the grand jury subpoenas were seized during the April 20, 2010 search.[2]  In other words, regardless of Magistrate Judge Smith's probable cause finding, the documents are lawfully with the IRS-CID pursuant to the grand jury subpoenas, returned on or about May 27, 2010. *See, e.g., United States v. Comprehensive Drug Testing, Inc.,* 473 F.3d 915, 941-42 (9th Cir. 2006)(finding nothing improper about the simultaneous use of search warrants and grand jury subpoenas); *accord Doane v. United States*, 2009WL1619642, *15 n.7 (S.D.N.Y. 2009)(noting that the government may obtain by grand jury subpoena documents that fall outside the scope of a search warrant).

In light of these intervening developments, there is wisdom in having the petitioners revise, and more narrowly focus, their consolidated Rule 41(g) motions. Regardless, it remains the case that the United States cannot respond to the petitioners' claims about particular documents absent access to the documents.  Moreover, the remedy available to the

---

[2] Although these consolidated proceedings involve numerous petitioners, BASI has asserted that it is "the owner and custodian of the property illegally seized" during the April 20, 2010 search.  *See* Case No.10MC00060, Doc. No. 1, Emergency Motion at p. 4.

petitioners is more narrow than they suppose.

Prior to the 1989 revisions to Fed.R.Crim.P. 41, a motion for return of property was also construed as a motion to exclude the evidence at trial. *See In re 3021 6th Avenue North, Billings, MT*, 237 F.3d 1039, 1041(9th Cir. 2001). However, as currently drafted, suppression is not an available remedy under Rule 41. S*ee In re the Search of the Offices of Ken Tylman*, 245 F.3d 978, 980 (7th Cir. 2001); *see also* 3A Charles A. Wright and Sarah N. Welling, *Federal Practice and Procedure* § 690 at 253-54 (4th ed.2010)("The 1989 amendments deleted the former language that if the motion to return is granted the property 'shall not be admissible in evidence at any hearing or trial.'"). Rule 41 "is not intended to deny the United States the use of evidence permitted by the Fourth Amendment and federal statutes, even if the evidence might have been unlawfully seized." *Doane, supra* at *8 citing *United States v. Calandra*, 414 U.S. 338, 349 n.6 (1978). Now, as provided in Rule 41(h), a defendant "may move to suppress evidence in the court were the trial will occur, as Rule 12 provides."

In addition, even if this Court were to order the return of particular documents, Rule 41(g) provides that it "may impose reasonable conditions to protect access to the property and its use in later proceedings." For this reason, the best the petitioners can hope to obtain in these proceedings is a judicial determination that certain documents were unlawfully seized. Because Rule 41(g) contemplates that returned documents will be preserved pending later proceedings, and Rule 41(h) provides that suppression is not available until charges have been brought, the outcome of these proceedings is really about who will maintain

custody of the documents pending further proceedings in the Eastern District of Wisconsin.

To be sure, regardless of the limited remedy, the petitioners are entitled to pursue their Rule 41(g) motions, and the United States does not suggest otherwise. Documents shown to have been taken unlawfully would appropriately be returned as expeditiously as possible, subject to the conditions and limitations noted above. However, in light of the United States's willingness to provide access to the documents, it is not apparent why document-by-document litigation is of interest to the petitioners, or necessary to their ongoing business operations. Notably, since late July, the petitioners have made no further requests to examine, copy or scan documents.[3]

But even if the petitioners continue to press for a decision under Rule 41(g), it remains the case that – until the United States is able to review the seized documents – it cannot respond to claims that a particular document is unlawfully in its possession.

## CONCLUSION

Based on the foregoing, the United States respectfully moves for a stay of these consolidated Rule 41(g) proceedings until such time as the filter team litigation in Wisconsin is concluded, and the United States has been afforded the opportunity to review the seized documents. Only then will the United States be able to respond to the petitioners' various arguments that certain documents were unlawfully seized.

---

[3] In addition to this motion to stay pending the outcome of the filter team litigation, the United States is currently exploring the feasability of scanning the entirety of the seized documents and returning the originals to the petitioners.

Respectfully submitted this 17th day of November 2010.

        **JAMES L. SANTELLE**
        **UNITED STATES ATTORNEY**
        **EASTERN DISTRICT OF WISCONSIN**

By:    *s/Gordon P. Giampietro*
       Assistant United States Attorney
       D.C. Bar Number: 446600
       Office of the United States Attorney
       Eastern District of Wisconsin
       517 East Wisconsin Avenue, Room 530
       Milwaukee, Wisconsin 53202
       Telephone: (414) 297-1083
       Fax: (414) 297-1738
       E-Mail: gordon.giampietro@usdoj.gov


       DAVID B. FEIN
       UNITED STATES ATTORNEY
       DISTRICT OF CONNECTICUT

       MICHAEL J. GUSTAFSON
       CRIMINAL DIVISION CHIEF
       Federal Bar No. Ct01503
       Connecticut Financial Center
       157 Church Street
       Floor 23
       New Haven, CT 06510
       (203) 821-3700