UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____

IN RE: SEARCH OF 100 GRIST MILL ROAD
SIMSBURY, CONNECTICUT

CASE NOS. 10MC00060 and 10MC00064
_____

**RESPONSE OF THE UNITED STATES TO
EMERGENCY MOTION TO SEAL THE AFFIDAVIT
OF IRS-CID SPECIAL AGENT SHAUN SCHRADER AND
MOTION FOR RECONSIDERATION OF THIS COURT'S
FEBRUARY 3, 2011 DOCKET ORDER**
_____

INTRODUCTION

The United States of America, by and through its attorneys, James L. Santelle, United States Attorney for the Eastern District of Wisconsin, and Gordon P. Giampietro, Assistant United States Attorney, respectfully submits this response to Petitioners Nova Benefit Plans, LLC, Benistar 419 Plan & Trust, US Benefits Group, Inc., and the Grist Mill Trust ("Petitioners") Emergency Motion to Seal the Affidavit of IRS-CID Special Agent Shaun Schrader. The Motion to Seal is untimely and without merit.[1]

BACKGROUND

On or about April 16, 2010, the United States, on behalf of a grand jury sitting in the

---

[1] Petitioners filed their Motion to Seal on January 31, 2011. On February 3, 2011, and without the benefit of briefing, this Court granted the Motion (in part) by Docket Order. Doc. No.47. Respectfully, this Court's Docket Order does not comply with Local Rule of Criminal Procedure 57(b)3's requirement that sealing orders include "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

Eastern District of Wisconsin, filed a search warrant application with the Honorable Thomas P. Smith. Further, in accordance with Local Rule of Criminal Procedure 57(b)7(d), the United States moved to seal the search warrant materials. On April 16, 2010, Magistrate Judge Smith signed the search warrant and sealed the search warrant materials, including the Affidavit of IRS-CID Special Agent Shaun Schrader. The search was conducted on April 20, 2010. The search warrant was returned on April 27, 2010.

In the ordinary case, the return triggers the provisions of Fed.R.Crim.P. 41(i) and Rule 57(b)7(d) that together require delivery of the search warrant materials to the Clerk for public filing. Rule 41(i) provides that, following the return, the magistrate judge "must deliver [the warrant materials] to the clerk in the district where the property was seized." Similarly, Rule 57(b)7(d) provides that "the warrant papers shall be filed with the Clerk" and, "unless otherwise directed by the Court for sufficient cause, search warrant returns shall be docketed as unsealed filings." Here, of course, the warrant materials had been, in accordance with Rule 57(b)7(d), sealed at the request of the United States.

On May 18, 2010, these same Petitioners moved to unseal the Schrader Affidavit. Case No. 3:10-mc-00064(AVC), Doc. No. 5. On July 26, 2010, the United States moved to unseal the search warrant materials on the grounds that the investigative concerns that justified the original sealing order no longer existed. The Honorable Donna F. Martinez granted the motion to unseal on July 27, 2010. For reasons that are unknown to the United States, the search warrant materials were not then, as required by Fed.R.Crim.P. 41(i) and

Rule 57(b)7(d), docketed with the Clerk as unsealed filings.

On November 17, 2010, the United States moved to stay the consolidated Rule 41(g) motions and attached the Schrader Affidavit as an Exhibit to its motion. Case No. 3:10-mc-00064(AVC), Doc. No. 35. Now, approximately two months later, the Petitioners have moved to re-seal the Schrader Affidavit. The Petitioners argue that the United States engaged in improper conduct by "disclos[ing] the search warrant materials publicly," and that the disclosure of the Schrader Affidavit is in "blatant disregard" of this Court's electronic filing policy and did not need to be filed under Rule 57(b)7(d). Doc. No. 46, page 5. The Petitioners further argue that the Sixth Amendment right to a fair trial is at risk due to pre-trial publicity, and that re-sealing is necessary to protect proprietary and trade secret information. Doc. No. 46, page 6-12.

## ARGUMENT

I.  The Petitioners have themselves to blame for any unwanted publicity.

As a preliminary matter, the instant motion cannot be reconciled with the Petitioners' motion to unseal the Schrader Affidavit. Doc. No. 5. The Petitioners give cursory treatment to the issue by noting that the motion to unseal "was made when Petitioners had not had access to the Schrader Affidavit and were completely unaware of its contents." Memorandum at 3, n. 3. Petitioners' lack of knowledge about the facts that supported probable cause is irrelevant to the legal question posed by their current (and former) motion: whether and when judicial proceedings may be shielded from public view. Having papered

the docket with *unsealed* pleadings related to the search – including unfounded allegations of governmental misconduct – the Petitioners cannot credibly complain about the public nature of these proceedings.

Second, the Petitioners' request for relief is unworkable because they waited too long before filing their motion.[2] For example, are third-parties, lawfully in possession of the Schrader Affidavit, risking contempt if they make public use of it? It cannot be that this Court's re-sealing Order can be so broad as to require return or destruction of what has been publicly available for the past seven months.

Third, while the Petitioners ascribe an improper motive to the United States's filing of the Schrader Affidavit with its Motion to Stay, it cannot be disputed that the Affidavit had been unsealed – and therefore publicly available – since July 27, 2010. That it was not yet uploaded to the ECF system is an irrelevancy. Under Rule 57(b)7(d), the search warrant materials (including the Schrader Affidavit) were to have been filed with the Clerk and docketed as unsealed filings. Rule 57(b)7(d) permits the United States to request that search warrant materials be sealed for a "reasonable period of time." Contrary to the Petitioners' suggestion, Rule 57(b)7(d) does not require the United States to request sealing; does not require that such materials be sealed until charges are filed; and does not confer upon third-

---

[2] The Petitioners suggest an excuse for their delay: that they immediately contacted the United States and requested its consent to re-seal the Schrader Affidavit, but the "Government has not responded." Doc. No. 45, page 5. This assertion is false. Attached hereto as Exhibit A is a November 19, 2010 email in which the United States declined to join in a re-sealing motion.

parties a right to make such a request.

Finally, prior to the filing of the Schrader Affidavit with the Motion to Stay (Doc. No. 35) this Court had been presented with only the Petitioners' version of events. It is essential that this Court and the public (to the extent it is even aware of these proceedings) have the benefit of a rebuttal to the Petitioners' repeated allegations of governmental misconduct. If the Schrader Affidavit were to be re-sealed, the record in these consolidated proceedings would consist entirely of the Petitioners' unfounded allegations of misconduct.

Petitioners cite no authority – nor give a compelling justification – for such one-sided litigation. In fact, the law is to the contrary. *See In re Herald Company,* 734 F.2d 93, 96 (2d Cir.1984)(noting the "significant benefit to be gained from public observation of many aspects of a criminal proceeding"); *Federal Trade Commission v. Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)("The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch."); *accord Associated Press v. United States District Court for Central District of California*, 705 F.2d 1143, 1145 (9th Cir.1983) (noting that, where there are allegations of government misconduct, the presumption in favor of disclosure is particularly strong because of the need to understand how the judiciary and the government as a whole are functioning).

The Petitioners repeatedly – and publicly – asserted that the search warrant lacked

probable cause. There is a compelling need for the public record to also include the facts and circumstances that support Magistrate Judge Smith's finding of probable cause.

> II. The original sealing and then unsealing of the Schrader Affidavit are expressly permitted by the relevant authority and the Rules of this Court; the *in toto* re-sealing is not.

The Petitioners' extensive citation to authority suffers a fundamental flaw: none of their cases are procedurally or factually similar to this case. And the Petitioners' lengthy analysis of cases from other Circuits, while perhaps interesting, ignores the analogous and controlling authority from this Circuit. *See In re New York Times Company*, 828 F.2d 110 (2nd Cir. 1987); *In re Application of Newsday, Inc.*, 895 F.2d 74 (2nd Cir. 1990); *In Re Herald*, *supra*.

In *Newsday*, the Second Circuit recognized a qualified public right of access to search warrant materials. The Second Circuit rejected the defendant's attempt to deny newspaper access to a search warrant affidavit. On appeal, the Second Circuit affirmed the district judge's release of a redacted copy of the affidavit. The redactions included references to innocent third-parties. *Id*. at 80.[3]

The public's right of access is qualified because there may be circumstances that justify a delay in disclosure. *Id*. at 78-79. One such circumstance, recognized by *Newsday*

---

[3] The Petitioners repeatedly claim that "innocent third-parties" will suffer harm if the Schrader Affidavit is not re-sealed, but never identify who these third-parties are, or why redaction (the remedy in *Newsday*), rather than wholesale sealing, would not afford sufficient protection.

and by this Court's Local Criminal Rules, is applicable here: when the United States requests that the warrant materials be held for "a reasonable period of time" to protect "the integrity of ongoing criminal investigations." *See* Rule 57(b)3. Absent a request from the United States, and in the ordinary course, following the return, warrant papers <u>shall be</u> filed with the Clerk, and <u>shall be</u> docketed as <u>unsealed filings</u>. *See* Rule 57(b)7(d) (emphasis supplied). This is consistent with Rule 57(b)3, which provides that "every document ... shall be filed with the Court." Further, these Local Rules are in harmony with Fed.R.Crim.P. 41(i), which provides that, after the return, the magistrate judge "shall forward" the warrant materials to the Clerk.

Unlike *Newsday*, this case does not involve a third-party media request for access to search warrant materials that are not publicly available. Rather, the Petitioners seek to re-seal and keep from public inspection the Schrader Affidavit with which they take vigorous exception. But litigants are not permitted to seal pleadings simply because they may cast them in a negative light. The relevant cases, and the Rules of this Court, permit the sealing of documents under very limited circumstances; none of which are present in this case.

### III. Nothing in the Schrader Affidavit falls within the Electronic Filing Policies and Procedures Standing Order.

The Petitioners accuse the United States of a "transparent effort to disclose the search warrant materials publicly" and being in "blatant disregard of Appendix H to this Court's Electronic Filing Policies and Procedures Standing Order" that they say urges counsel to file "proprietary or trade secret information" under seal. Doc. No. 45, page 5. The accusations

are unfounded.

First, the United States attached the Schrader Affidavit to its November 17, 2010 Motion to Stay – four months after the document had been unsealed. The Petitioners had originally moved to unseal it, and did not move to reseal it following Magistrate Judge Martinez's July 27, 2010 Order. The Schrader Affidavit was in the public domain and it was entirely proper for the United States to provide it to this Court in an effort to rebut the Petitioners' repeated claims of governmental misconduct.

Second, Appendix H is simply a reminder to counsel to consider whether a sealing motion may be warranted for documents that contain, among other types of sensitive information, "proprietary or trade secret information." The Petitioners repeatedly claim that the Schrader Affidavit contains such information, but make no effort to identify what, specifically, falls within this narrow category of information. That the Petitioners' competitors might use the fact of a criminal investigation against them is true in every case. But that does not also mean the Petitioners have made the requisite showing that proprietary or trade secret information has been exposed to public scrutiny. The electronic filing of the Schrader Affidavit – unsealed at the Petitioners' insistence – was not in "blatant disregard" of the provisions of Appendix H.

Finally, as noted below, the Second Circuit has made clear that wholesale sealing orders are inappropriate. To the extent the Petitioners would be able to identify "proprietary or trade secret information" in the Affidavit, a sealing order would have to be narrowly-

tailored and redact only such information.

> IV. The Petitioners' conclusory assertions are an insufficient basis upon which to seal the Schrader Affidavit.

The Supreme Court has noted that a prosecutor, as a representative of the public, has a duty to protect the societal interest in an open trial. *Gannett Company, Inc. v. DePasquale*, 443 U.S. 368, 384, n.12 (1979). Equally true is that the prosecutor must be sensitive to the due process rights of a defendant in a fair trial. *Id*. There is, therefore, no dispute that, under certain circumstances, the public's right of access to judicial proceedings must give way to a defendant's right to a fair trial.

However, any order restricting the public's right of access may not rest on "the conclusory assertion that publicity might deprive the defendant of [the right to a fair trial]." *In Re New York Times*, 828 F.2d at 116 (quoting *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986)). In *In Re New York Times*, the Second Circuit reversed the district judge's blanket sealing order and remanded for "specific findings." *Id*.

Aside from conclusory assertions that the Schrader Affidavit contains propriety and trade secret information, and that competitors will use such information to their advantage, the Petitioners fail to identify with specificity what portions of the Affidavit, if revealed, will deprive them of a fair trial. Nor do they explain why limited redaction would not be sufficient to vindicate their interests. In short, the Petitioners find themselves in exactly the same position as anyone that has been subjected to a search. To the extent the public is even aware of the search, it is because the Petitioners have repeatedly – and in public filings –

drawn their attention to it. Further, this Connecticut litigation is unlikely to become known to the relevant public from which the petit jury will be drawn: residents of the Eastern District of Wisconsin.

Finally, Local Rule of Criminal Procedure 57(b)3 requires that any sealing order include "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." Respectfully, this Court's February 3, 2011 Docket Order does not comply with Rule 57(b)3.

## CONCLUSION

The Petitioners' Motion to Seal the Schrader Affidavit should be denied because it has been in the public domain for almost seven months, and because it does not contain proprietary or trade secret information. Further, it is improper to seal the entire Schrader Affidavit in the absence of the findings required by Local Rule 57(b)3.

Respectfully submitted this 8th day of February 2011.

        **JAMES L. SANTELLE**
        **UNITED STATES ATTORNEY**
        **EASTERN DISTRICT OF WISCONSIN**

By:   *s/Gordon P. Giampietro*
       Assistant United States Attorney
       D.C. Bar Number: 446600
       Office of the United States Attorney
       Eastern District of Wisconsin
       517 East Wisconsin Avenue, Room 530
       Milwaukee, Wisconsin 53202
       Telephone: (414) 297-1083
       Fax: (414) 297-1738
       E-Mail: gordon.giampietro@usdoj.gov

DAVID B. FEIN
UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

BRIAN P. LEAMING
Assistant United States Attorney
Federal Bar No. ct16075
450 Main Street, Rm. 328
Hartford, CT 06103
(860) 947-1101