UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETTIBONE TAVERN LLC et al | ) | |
| | ) | Case No.: 3:10-mc-00064(AVC) |
| Petitioners, | ) | 3:10-mc-00060 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | March 4, 2011 |

**PETITIONERS' OPPOSITION TO MOTION FOR RECONSIDERATION OF THIS COURT'S FEBRUARY 3, 2011 DOCKET ORDER**
_____

Petitioners Nova Benefit Plans, LLC, Benistar 419 Plan & Trust, US Benefits Group, Inc., and the Grist Mill Trust (collectively, "Petitioners"), by their undersigned counsel, respectfully submit this Opposition to the Government's Motion for Reconsideration of this Court's February 3, 2011 Docket Order granting in part and denying in part Petitioners' Emergency Motion to Seal Affidavit of IRS-CID Special Agent Shaun Schrader.

On November 17, 2010, the Government filed the Affidavit of IRS-CID Special Agent Shaun Schrader (the "Schrader Affidavit") on the Courts' electronic filing system ("ECF") as an exhibit to the Memorandum of Law in support of the Government's Motion to Stay Rule 41(g) Proceedings ["Affidavit In Support of Search Warrant"] [Dkt No. 35-2], notwithstanding the fact that the exhibit was wholly extraneous to the motion. Petitioners moved this Court to re-seal the Schrader Affidavit on January 31, 2011 and the Court partially granted Petitioners' motion on February 3, 2011, ordering the Clerk to seal Docket No. 35-2 and remove it from ECF. On

February 8, 2011, the Government filed its Motion for Reconsideration along with a Response to the Motion to Seal the Schrader Affidavit (hereinafter "Reconsideration Mot.").

The Government provides no compelling reason why the Schrader Affidavit should be made publicly available at this time. Instead, the Government essentially claims that the Schrader Affidavit should be unsealed because Petitioners once sought access to it and that it was in fact unsealed and available via ECF for a short period of time. For the reasons stated herein and in the Petitioners' Motion to Re-seal the Schrader Affidavit, which is incorporated by reference, the Government's Motion for Reconsideration should be denied and the Schrader Affidavit should remain under seal.

**INTRODUCTION**

Even at this late date, the Government has failed to explain why it launched a "commando raid" on a bucolic corporate campus located in tranquil Simsbury, Connecticut, rather than just mail the grand jury subpoena from the Eastern District of Wisconsin – which is a virtual word-for-word copy of several administrative IRS summonses that had been previously sent in the mail to Petitioners during the seven years preceding the raid. The search warrant was facially defective because nowhere did it mention the alleged "crimes" the Government is investigating. The Schrader Affidavit was lacking in probable cause because, among other things, it failed to identify with particularity the "emergency" warranting an armed raid seeking documents that the Petitioners and the IRS have been litigating about for seven years.

Moreover, IRS-CID violated all of its own rules and totally ignored the procedures described in Section 9 of the IRS's own manual. And contrary to the Government's assertions, all of the armed agents that executed the search warrant on April 20, 2010 had "IRS-CID" prominently displayed on their black Kevlar vests, not EDWI (for Eastern District of Wisconsin).

Thus, this armed invasion of law-abiding Connecticut citizens had to be approved by someone in the Executive Branch other than US Attorney's Office in the Eastern District of Wisconsin. And time will tell, as more information is uncovered, who in Milwaukee or Washington, DC, authorized this unlawful raid and for what possible reason.

To this day, probable cause is seriously lacking in the Schrader Affidavit, nor has any been suggested by the Government. None of the 300+ boxes that were illegally seized have been returned to 100 Grist Mill Road despite the stipulation to that effect. Instead, they are still gathering dust in IRS-CID's offices in Milwaukee, Wisconsin.

Worse, the innocent and uninvolved parties that work at 100 Grist Mill Road have been devastated by the misinformation, half-truths, misrepresentations and outright lies provided in the Schrader Affidavit. The competitors of petitioner Benistar Admin Services, Inc. ("BASI") are printing and disseminating horrible, defamatory and spurious allegations all over the internet based on the Schrader Affidavit which, of course, everyone believes because it is from an agent of the United States Government. Whereas BASI might not be able to sue for libel and defamation, there will be a number of upset parties who counted on their government to tell the truth.

And why should the Government have any concerns about re-sealing the Schrader Affidavit at this point? By disclosing it publicly, the Government has already maliciously destroyed the business careers of a dozen or more people and businesses. The Government should be required to show how the legal system could possibly benefit by having the Schrader Affidavit's false information open to the public. The families of the employees who work at 100 Grist Mill Road will gladly tell the stories of all the innocent people who have already been harmed by the Schrader Affidavit's misrepresentations, falsehoods, half-truths and outright lies.

Despite the fact that the inclusion of the Schrader Affidavit as an exhibit was absolutely unnecessary and irrelevant to the Government's Motion to Stay and despite the fact that the Court has already ordered that the Schrader Affidavit should be sealed, the Government now presses for the unsealing of the Schrader Affidavit with no good reason and with only malicious intent. At this stage of the proceedings, the Schrader Affidavit is entirely unnecessary. The parties have stipulated to a stay and withdrawal of Petitioners' Rule 41(g) motions, making the motion to which the Government attached the Schrader Affidavit moot. There are currently no scheduled or pending proceedings that necessitate the availability of the Schrader Affidavit by any of the parties. Indeed, almost an entire year has passed since the search warrant supported by the Schrader Affidavit was issued, and the grand jury sitting in the Eastern District of Wisconsin has yet to issue an indictment against anyone. Thus, allowing the Schrader Affidavit to be publicly available via ECF only serves to tarnish and sully the reputations of the Petitioners and others named in the affidavit by causing unproven accusations (including verbatim accounts of supposedly monitored conversations with an unknown Cooperating Witness), as well as confidential and proprietary information, to become immediately available to the public and prejudices the Petitioners' Sixth Amendment rights should criminal charges eventually be filed.

Indeed, at least one blogger (who is located in Milwaukee contrary to the Government's assertion that this issue would not become known in the Eastern District of Wisconsin) had posted the Schrader Affidavit after it became available on the PACER system (it has since been removed) and offered commentary on the Petitioners' alleged illegal activities. If the Schrader Affidavit is unsealed, it is clear that Petitioners' rights to a fair trial will be jeopardized. And it is a certainty that if the Schrader Affidavit is unsealed, Petitioners and other innocent parties will

suffer irreparable harm and will be unnecessarily defamed, as well as be denied their constitutional right to a fair trial.

## ARGUMENT

In this Circuit, the standard for granting a motion for reconsideration is strict. *See Schrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Such a motion will generally be denied unless the "moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* The Government fails to meet that burden here. Critically, the Government does not point to controlling decisions in its motion, and instead ignores the analysis required in this Circuit under *U.S. v. Amodeo*. Indeed, the Government appears to primarily rely upon two notions in support of its motion for reconsideration: (1) that the Petitioners had previously moved to unseal the Schrader Affidavit (at a time when they were completely unaware of its accusations); and (2) that the public has a qualified right of access to the Schrader Affidavit. The Court, of course, is well-aware of both of these concepts. Thus, the Government fails to raise any issue that might reasonably be expected to alter the Court's order and its motion for reconsideration should be denied.

I.  **The Petitioners' Prior Motion to Unseal the Schrader Affidavit is Irrelevant.**

The Government's contention that the "instant motion cannot be reconciled with the Petitioners' motion to unseal the Schrader Affidavit" is completely without merit. (Reconsideration Mot., p.3). The Government's argument appears to be predicated upon the fact that Petitioners, while struggling to understand why they were the target of an armed assault on their property involving 70 IRS-CID agents wearing Kevlar vests and brandishing automatic weapons, sought access to the only document that provided the basis for the Government's

search and seizure. As the Court is well aware, the Government seized property belonging not only to the Petitioners, who were referenced in the search warrant, but many innocent third parties who are not involved in the so-called "419 Plan" business.

The Government presents a no-win scenario for the Petitioners: either (a) Petitioners could choose to seek access to the Schrader Affidavit and learn the basis for the search warrant, only to never seek to seal it again; or (b) Petitioners could remain in the dark indefinitely. The Court should reject this false choice. Originally, the Petitioners wanted see the Schrader Affidavit for themselves, not to open it for the whole public to see. Ultimately, as the Government concedes, the Schrader Affidavit was originally unsealed upon the Government's motion and not the Petitioners. Thus, the Petitioners' motion to unseal became moot is now irrelevant.

II. **The Schrader Affidavit Should Remain Sealed Because the Public's Qualified Right of Access is Far Outweighed by the Substantial Probability of Prejudice to Petitioners' Right to a Fair Trial.**

The Government also argues that Petitioners ignore "the analogous and controlling authority from this Circuit." (Reconsideration Mot., p. 6.) Yet, it is the Government that ignores the apposite holding of *U.S. v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) ("*Amodeo I*"), subsequently clarified in *U.S. v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ("*Amodeo II*"). The *Amodeo* cases hold that before any common law right of public access to judicial documents can attach, a court *must* follow a three-part test.

As explained in Petitioners' Emergency Motion to Seal, a court must first conclude that the document at issue is indeed a "judicial document." In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145. The Government's filing of the Schrader

Affidavit as an Exhibit to its Motion to Stay the consolidated Rule 41(g) motions serves no purpose other than to prejudice, and cause irreparable harm, to Petitioners. This is especially true in light of the current procedural posture of this matter. The Government's motion is now moot and there are no pending proceedings that require the disclosure of the Schrader Affidavit.

Even assuming that the Schrader Affidavit is a "judicial document," the presumption of access to it should be given little weight. The presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1049. Although the Schrader Affidavit was submitted as a basis for judicial decision making, it was needlessly attached as an Exhibit to the Government's Motion to Stay the consolidated Rule 41(g) motions. The Schrader Affidavit is therefore of little adjudicative value and little weight should be accorded to the presumption of access.

Finally, the *Amodeo* cases hold that after determining the weight of the presumption of access, the court must "balance competing considerations against it." Id. at 1050. As Petitioners set forth in their Emergency Motion to Seal, in appropriate circumstances, a defendant's constitutional right to a fair trial can justify the closure of court proceedings and/or the sealing of court documents. One such context is where pretrial publicity jeopardizes a defendant's right to a fair trial. *See U.S. v. Doe*, 63 F.3d 121,128 (2d Cir. 1995) (holding defendant's right to a fair trial and privacy interests of defendant, victims or other persons may outweigh any benefit to the public of disclosure); *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 14 (1986) (holding that preliminary hearing should be closed if "there is a substantial probability that the defendant's right to a fair trial will be prejudiced" and reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights); *Gannett Co. v. DePasquale*, 443 U.S.

368, 378 (1979) (holding that "a trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity" so that defendant may receive a fair trial).

The Government, however, ignores competing considerations that must be balanced against the public's qualified right of access. Moreover, the Government ignores the fact that the Court is dealing with a pretrial hearing, and not a trial, and that the bond between the public's right to access pretrial proceedings is not as strong as its right of access to trials. In balancing competing considerations against the presumption of access, it is clear that Petitioners' right to a fair trial far outweighs the public's right of access. Indeed, L. Cr. R. 57(d) clearly states that the public disclosure of search warrant applications and supporting affidavits is not required for a "reasonable period of time," defined as "<u>until the related criminal case has been charged and publicly disclosed</u>." (Emphasis added) Here, no criminal case has been charged. Sealing the Schrader Affidavit not only serves a compelling governmental purpose, but it is also narrowly tailored to protect the interests threatened by public disclosure.

As argued in the Petitioners' motion, Courts within the Second Circuit have consistently held that search warrant affidavits should remain under seal until at least an indictment has been issued. *See United States v. Paloscio*, 2002 WL 1585835 (S.D.N.Y. July 17, 2001) (following *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989) in declining to unseal search warrant materials: "[t]he public has no qualified First Amendment right of access to warrant materials during the pre-indictment state of an ongoing criminal investigation")) (emphasis added); *see also United States v. Giordano*, 158 F. Supp. 2d 242 (D. Conn. 2001) (ordering criminal complaint and supporting affidavit sealed); *United States v. East Side Opthalmology*, 1996 WL 384891, *3 (S.D.N.Y. July 9, 1996) (holding that search warrant affidavit remain under seal, but suggesting that a renewed application to unseal could be made at

a later date); *Matter of Searches of Semtex Indus. Corp.*, 876 F. Supp. 426 (E.D.N.Y. 1995) ("the need for sealing affidavits may remain after execution and in some instances even after indictment"); *In re Search Warrant Executed February 1, 1995*, 1995 WL 406276 (S.D.N.Y. July 7, 1995) ("there is a continuing need to maintain the warrant applications under seal <u>at this pre-indictment juncture</u>," although "disclosure should not be postponed indefinitely") (emphasis added); *In the Matter of Searches of Semtex Indus. Corp.*, 876 F. Supp. 426 (E.D.N.Y. Jan. 7, 1995) ("it is reasonable to believe that the need for secrecy continues in a complex, multi-state investigation prior to indictment").

The Ninth Circuit has held that, before an indictment is returned, there is no right of access to search warrant affidavits under either the common law or the First Amendment. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989). The court's rationale is based in part upon the Supreme Court's acknowledgement that "one of the reasons for maintaining the secrecy of grand jury proceedings is to 'assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule,'" which the court reasoned should extend to secrecy of search warrant affidavits. *Id.* at 1216. "<u>Persons who prove to be innocent are frequently the subjects of government investigations. . . . persons named in the warrant papers will have no forum in which to exonerate themselves if the warrant materials are made public before indictments are returned</u>." 873 F.2d at 1216 (emphasis added).

**III.     The Re-sealing of the Schrader Affidavit is Supported by Relevant Authority.**

The Government also incorrectly argues that Petitioners cited to authority that is neither procedurally, nor factually similar to this case, and that Petitioners ignore "analogous and controlling authority from this Circuit." (Reconsideration Mot., p. 6.) Specifically, the Government argues that Petitioners ignore *In re Application of Newsday, Inc.*, 895 F.2d 74 (2d

Cir. 1990), wherein the Second Circuit, on appeal, affirmed the district court's release of a redacted copy of a search warrant application.

Although the Government admits that this case, unlike *Newsday*, does not involve a third-party media request for access to search warrant materials not publicly available, the Government fails to acknowledge other fundamental procedural and factual differences. Here, Petitioners resist the premature disclosure of the Schrader Affidavit, as the investigation is not only pending, but likely to remain so indefinitely. By contrast, in *Newsday*, disclosure of a search warrant application was resisted at a much later point in the criminal investigation, after a plea-bargain agreement had been reached.

In spite of the procedural and factual differences between the present case and *Newsday*, the court's reasoning in *Newsday* is instructive. At the center of the Court's holding was its determination that the district court had adequately balanced the newspaper's common-law right of access to judicial records with defendant's privacy rights. An adequate balancing of the competing interests involved in the present case unquestionably weighs in favor of Petitioners right to a fair trial. Therefore, at this early stage of the Government's investigation, Petitioners submit that the Court acted within its discretion and properly resealed the Schrader Affidavit.

## CONCLUSION

In accordance with L. Cr. R. 57(b), Petitioners have demonstrated clear and compelling reasons to seal the Schrader Affidavit in their Emergency Motion to Re-seal the Schrader Affidavit, granted in part by this Court. The Government has presented no compelling reason for the Schrader Affidavit to inappropriately and unnecessarily again become available to the public. Disclosure of the Schrader Affidavit jeopardizes Petitioners' right to a fair trial and the privacy interests of Petitioners and other third parties. Sealing the Schrader Affidavit is narrowly

tailored to protect the foregoing interests. Because no charges have been brought and no charges are likely to be brought for a significant period of time (if ever), and the Government therefore could have refrained from filing the Schrader Affidavit under L. Cr. R. 57(d), there is no harm to the public in sealing the Schrader Affidavit at this time.

RESPECTFULLY SUBMITTED,

By: ___/s/Joseph M. Pastore III_____
Joseph M. Pastore III (ct11431)
FOX ROTHSCHILD LLP
One Landmark Square, 21st Floor
Stamford, CT 06901
(203) 425-9500 (telephone)
(203) 425-9595 (facsimile)
jpastore@foxrothschild.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2011, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph M. Pastore III
Joseph M. Pastore III